JEFFREY S. PINK aka JEFFREY PINK
LAURIE G. PINK aka LAURIE PINK
In Pro Per
23845 Park Belmonte
Calabasas, CA 91302
Telephone: (818) 223-9701
Facsimile: (818) 223-1552

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **AMALGAMATED BANK, a New York bank corporation**<br><br>Plaintiff(s),<br><br>v.<br><br>**EV RENTAL CARS, LLC, a California limited liability; JEFFREY S. PINK, aka JEFFREY PINK, an individual; LAURIE G. PINK, aka LAURIE PINK, an individual; and LARRY JONATHAN PINK, aka LARRY PINK, an individual,**<br><br>Defendants. | Case No.  CV09-3885 DSF (AJWx)<br><br>**ANSWER OF DEFENDANTS JEFFREY S. PINK AKA JEFFREY PINK AND LAURIE G. PINK AKA LAURIE PINK TO COMPLAINT**<br><br>**Complaint Served: June 7, 2009**<br>**Current Response Date: June 29, 2009**<br>**New Response Date: July 6, 2009**<br><br>**DEMAND FOR JURY TRIAL** |

COME NOW, Defendants Jeffrey S. Pink aka Jeffrey Pink and Laurie G. Pink aka Laurie Pink (collectively, "Defendants") for themselves alone, answer the Complaint of Plaintiff, Amalgamated Bank (the "Complaint") as follows:

## FIRST CLAIM FOR RELIEF
**(Breach of Written Agreements Against Defendant EV Rental Cars, LLC)**

1.      Defendants have insufficient information or belief to respond to the allegations in Paragraph 1 of the Complaint, and on that basis Defendants deny, generally and specifically, each of the allegations therein.

2.      Defendants admit the allegations in Paragraph 2 of the Complaint.

3.      Defendants admit the allegations in Paragraph 3 of the Complaint.

4.      Defendants admit the allegations in Paragraph 4 of the Complaint.

5.      Defendants admit the allegations in Paragraph 5 of the Complaint.

102834858

ANSWER OF DEFENDANTS JEFFREY S. PINK AKA JEFF PINK AND LAURIE G. PINK AKA LAURIE PINK TO COMPLAINT - DEMAND FOR JURY TRIAL
CV09-3885 DSF (AJWx)

1       6.    Defendants admit the allegations in Paragraph 6 of the Complaint.

2       7.    Defendants have insufficient information or belief to respond to the

3   allegations in Paragraph 7 of the Complaint, and on that basis, Defendants deny,

4   generally and specifically, each of the allegations therein.

5       8.    Defendants admit the allegations in Paragraph 8 of the Complaint.

6       9.    Defendants have insufficient information or belief to respond to the

7   allegations in Paragraph 9 of the Complaint, and on that basis, Defendants deny,

8   generally and specifically, each of the allegations therein.

9       10.    Defendants admit the allegations in Paragraph 10 of the Complaint.

10       11.    Defendants admit the allegations in Paragraph 11 of the Complaint.

11       12.    Defendants admit the allegations in Paragraph 12 of the Complaint.

12       13.    Defendants admit the allegations in Paragraph 13 of the Complaint.

13   However, to the extent that the allegations in Paragraph 13 of the Complaint

14   purport to describe the content of any of the documents described therein,

15   Defendants allege that the documents speak for themselves.

16       14.    Defendants admit that the Note matured on May 31, 2007 and that EV

17   has been in default of the repayment terms of the Note and Loan Agreement.

18   Except as expressly admitted, Defendants deny, generally and specifically, each

19   and every allegation set forth in Paragraph 14 of the Complaint.

20       15.    Defendants admit the allegations in Paragraph 15 of the Complaint.

21   However, to the extent that the allegations in Paragraph 15 of the Complaint

22   purport to describe the content of any of the documents described therein,

23   Defendants allege that the documents speak for themselves.

24       16.    Defendants have insufficient information or belief to respond to the

25   allegations in Paragraph 16 of the Complaint, and on that basis, Defendants deny,

26   generally and specifically, each of the allegations therein.

27       17.    Defendants deny that Plaintiff has any right to exercise rights and

28   remedies against Defendants under the Guaranty, the Deeds of Trust or any related

1   documents.  Except as set forth above, Defendants admit the allegations of

2   Paragraph 17 of the Complaint.  However, to the extent that the allegations in

3   Paragraph 17 of the Complaint purport to describe the content of any of the

4   documents described therein, Defendants allege that the documents speak for

5   themselves.

6        18.   Defendants have insufficient information or belief to respond to the

7   allegations in Paragraph 18 of the Complaint, and on that basis denies, generally

8   and specifically, each and every allegation therein.  Defendants further deny that

9   EV is indebted to Plaintiff in any amount whatsoever.

10       19.   Defendants allege that the documents referred to in Paragraph 19 of

11  the Complaint speak for themselves.  Defendants have insufficient information or

12  belief to respond to the remaining allegations in Paragraph 19 of the Complaint,

13  and on that basis, Defendants deny, generally and specifically, each of the

14  allegations therein.

### SECOND CLAIM FOR RELIEF
**(Judicial Foreclosure of Security Interest Against
Defendant EV Rental Cars, LLC)**

15

16

17       20.   For their answer to Paragraph 20 of the Complaint, Defendants

18  incorporate by reference their responses to the allegations set forth in Paragraphs 1

19  through 22 of the Complaint as if fully rewritten herein.

20       21.   Defendants have insufficient information or belief to respond to the

21  allegations in Paragraph 21 of the Complaint, and on that basis Defendants deny,

22  generally and specifically, each of the allegations therein.

23       22.   Defendants deny, generally and specifically, each and every allegation

24  in Paragraph 22 of the Complaint.

25

26

27

28

1

## THIRD CLAIM FOR RELIEF
### (Claim and Delivery Against Defendant EV Rental Cars, LLC)

2

3    23.    For their answer to Paragraph 23 of the Complaint, Defendants

4    incorporate by reference their responses to the allegations set forth in Paragraphs 1

5    through 22 of the Complaint as if fully rewritten herein.

6    24.    Defendants have insufficient information or belief to respond to the

7    allegations in Paragraph 24 of the Complaint, and on that basis Defendants deny,

8    generally and specifically, each of the allegations therein.

9    25.    Defendants have insufficient information or belief to respond to the

10   allegations in Paragraph 25 of the Complaint, and on that basis Defendants deny,

11   generally and specifically, each of the allegations therein.

12   26.    Defendants have insufficient information or belief to respond to the

13   allegations in Paragraph 26 of the Complaint, and on that basis Defendants deny,

14   generally and specifically, each of the allegations therein.

15

## FOURTH CLAIM FOR RELIEF
### (Judicial Foreclosure of Deeds of Trust
### Against Defendants Jeffrey and Laurie Pink)

16

17

18   27.    For their answer to Paragraph 27 of the Complaint, Defendants

19   incorporate by reference their responses to the allegations set forth in Paragraphs 1

20   through 19 of the Complaint as if fully rewritten herein.

21   28.    Defendants deny, generally and specifically, each of the allegations in

22   Paragraph 28 of the Complaint.

23   29.    Defendants have insufficient information or belief to respond to the

24   allegations in Paragraph 29 of the Complaint, and on that basis Defendants deny,

25   generally and specifically, each of the allegations therein.

26   30.    Defendants admit that they executed and delivered to Plaintiff the

27   document described in the Complaint as the "12/17/07 Deed of Trust" and that

28   Exhibit 17 is a true and correct copy.  However, to the extent that the allegations in

ANSWER OF DEFENDANTS JEFFREY S. PINK AKA JEFF
PINK AND LAURIE G. PINK AKA LAURIE PINK TO
COMPLAINT - DEMAND FOR JURY TRIAL
CV09-3885 DSF (AJWx)

1   Paragraph 30 of the Complaint purport to describe the content of any of the
2   documents described therein, Defendants allege that the documents speak for
3   themselves.  Except as expressly admitted, Defendants deny, generally and
4   specifically, each and every allegation set forth in Paragraph 30 of the Complaint.

5        31.    Defendants admit that they executed and delivered the document
6   described in Paragraph 31 of the Complaint as the "Pink Note" to Plaintiff, and that
7   Exhibit 18 is a true and correct copy.  However, to the extent that the allegations in
8   Paragraph 31 of the Complaint purport to describe the content of any of the
9   documents described therein, Defendants allege that the documents speak for
10   themselves.  Except as expressly admitted, Defendants deny, generally and
11   specifically, each and every allegation set forth in Paragraph 31 of the Complaint.

12        32.    Defendants admit that they executed and delivered the document
13   described in Paragraph 32 of the Complaint as the "Mortgage" to Plaintiff and that
14   Exhibit 19 is a true and correct copy.  However, to the extent that the allegations in
15   Paragraph 32 of the Complaint purport to describe the content of any of the
16   documents described therein, Defendants allege that the documents speak for
17   themselves.  Except as expressly admitted, Defendants deny, generally and
18   specifically, each and every allegation set forth in Paragraph 32of the Complaint.

19        33.    Defendants admit that they executed and delivered the instrument
20   described in Paragraph 33 of the Complaint as the "12/6/07 Deed of Trust" to
21   Plaintiff and that Exhibit 20 is a true and correct copy.  However, to the extent that
22   the allegations in Paragraph 33 of the Complaint purport to describe the content of
23   any of the documents described therein, Defendants allege that the documents
24   speak for themselves.  Except as expressly admitted, Defendants deny, generally
25   and specifically, each and every allegation set forth in Paragraph 33 of the
26   Complaint.

27        34.    The allegations in Paragraph 34 of the Complaint do not require an
28   answer.

ANSWER OF DEFENDANTS JEFFREY S. PINK AKA JEFF
PINK AND LAURIE G. PINK AKA LAURIE PINK TO
COMPLAINT - DEMAND FOR JURY TRIAL
CV09-3885 DSF (AJWx)

1      35.    Defendants have insufficient information or belief to respond to the

2   allegations in Paragraph 35 of the Complaint, and on that basis Defendants deny,

3   generally and specifically, each of the allegations therein.

4      36.    Defendants have insufficient information or belief to respond to the

5   allegations in Paragraph 36 of the Complaint, and on that basis Defendants deny,

6   generally and specifically, each of the allegations therein.

7      37.    Defendants deny, generally and specifically, each and every allegation

8   in Paragraph 37 of the Complaint and Defendants deny that there is any

9   Indebtedness (as defined in Paragraph 37 of the Complaint) or other sun due or

10   owing by Defendants to Plaintiff under the Guaranty or otherwise.

11      38.    Defendants deny, generally and specifically, each and every allegation

12   in Paragraph 38 of the Complaint and Defendants deny that there is any Pink Note

13   Indebtedness (as defined in Paragraph 38 of the Complaint) or any other sum due

14   or owing by Defendants to Plaintiff under the Pink Note or otherwise.

15      39.    Defendants have insufficient information or belief to respond to the

16   allegations in Paragraph 39 of the Complaint, and on that basis Defendants deny,

17   generally and specifically, each of the allegations therein.

18      40.    Defendants deny, generally and specifically, each and every allegation

19   in Paragraph 40 of the Complaint.

20      41.    Defendants allege that the documents referred to in Paragraph 41 of

21   the Complaint speak for themselves.  Other than the foregoing, Defendants deny,

22   generally and specifically, the allegations in Paragraph 41 of the Complaint.

### FIFTH CLAIM FOR RELIEF
**(Judicial Foreclosure of Security Interest**
**Against Defendant Jeffrey Pink)**

26      42.    For their answer to Paragraph 42 of the Complaint, Defendants

27   incorporate by reference their responses to the allegations set forth in Paragraphs 1

28   through 19 and 28 through 41 of the Complaint as if fully rewritten herein.

43.     Defendants admit the allegations in Paragraph 43 of the Complaint. However, to the extent that the allegations in Paragraph 43 of the Complaint purport to describe the content of any of the documents described therein, Defendants allege that the documents speak for themselves.

44.     Defendants have insufficient information or belief to respond to the allegations in Paragraph 44 of the Complaint, and on that basis Defendants deny, generally and specifically, each of the allegations therein.

45.     Defendants admit the allegations in Paragraph 45 of the Complaint, except that Defendants have no information or belief to respond to the allegations in the last sentence thereof, and on that basis Defendants deny, generally and specifically, each of the allegations therein.

46.     The allegations in Paragraph 46 of the Complaint do not require an answer.

47.     Defendants deny, generally and specifically, the allegations in Paragraph 47 of the Complaint.

48.     Defendants deny, generally and specifically, the allegations in Paragraph 48 of the Complaint.

## SIXTH CLAIM FOR RELIEF
### (Claim and Delivery Against Defendant Jeffrey Pink)

49.     For their answer to Paragraph 49 of the Complaint, Defendants incorporate by reference their responses to the allegations set forth in Paragraphs 1 through 19 and 28 through 48 of the Complaint as if fully rewritten herein.

50.     Defendants deny, generally and specifically, the allegations in Paragraph 50 of the Complaint.

51.     Defendants deny, generally and specifically, the allegations in Paragraph 51 of the Complaint.

1    52.   Defendants deny, generally and specifically, the allegations in

2   Paragraph 52 of the Complaint.

3                      **SEVENTH CLAIM FOR RELIEF**

4   **(Intentional Misrepresentation, Fraudulent Concealment and**
    **Suppression of Facts Against Defendants Jeffrey Pink,**

5   **Larry Pink, and EV Rental Cars, LLC)**

6    53.   For their answer to Paragraph 53 of the Complaint, Defendants

7   incorporate by reference their responses to the allegations set forth in Paragraphs 1

8   through 19 and 28 through 41 of the Complaint as if fully rewritten herein.

9    54.   Defendants admit the allegations in Paragraph 54 of the Complaint,

10   except that Defendants deny that any of the documents described therein were

11   given to Plaintiff to induce Plaintiff to take any action.  However, to the extent that

12   the allegations in Paragraph 54 of the Complaint purport to describe the content of

13   any of the documents described therein, Defendants allege that the documents

14   speak for themselves.

15    55.   Defendants have no information or belief to respond to the allegations

16   in Paragraph 55 of the Complaint, and on that basis Defendants deny, generally

17   and specifically, each of the allegations therein.

18    56.   Defendants deny, generally and specifically, the allegations in

19   Paragraph 56 of the Complaint.

20    57.   Defendants deny, generally and specifically, the allegations in

21   Paragraph 57 of the Complaint.

22    58.   Defendants deny, generally and specifically, the allegations in

23   Paragraph 58 of the Complaint.

24    59.   Defendants deny, generally and specifically, the allegations in

25   Paragraph 59 of the Complaint.

26    60.   Defendants deny, generally and specifically, the allegations in

27   Paragraph 60 of the Complaint.

28

61.    Defendants allege that the documents described in Paragraph 61 of the Complaint speak for themselves. Except as expressly admitted, Defendants deny, generally and specifically, each and every allegation set forth in Paragraph 61 of the Complaint.

62.    Defendants deny, generally and specifically, the allegations in Paragraph 62 of the Complaint.

63.    Defendants deny, generally and specifically, the allegations in Paragraph 63 of the Complaint.

64.    Defendants deny, generally and specifically, the allegations in Paragraph 64 of the Complaint.

65.    Defendants deny, generally and specifically, the allegations in Paragraph 65 of the Complaint.

66.    Defendants deny, generally and specifically, the allegations in Paragraph 66 of the Complaint.

67.    Defendants deny, generally and specifically, the allegations in Paragraph 67 of the Complaint.

68.    Defendants deny the allegations in Paragraph 68 of the Complaint and Defendants deny that Plaintiff has been damaged in any amount whatsoever, or that Plaintiff is entitled to any damages, punitive or otherwise.

## EIGHTH CLAIM FOR RELIEF
### (Negligent Misrepresentation Against Defendants Jeffrey Pink, Larry Pink and EV Rental Cars, LLC)

69.    For their answer to Paragraph 69 of the Complaint, Defendants incorporate by reference their responses to the allegations set forth in Paragraphs 1 through 19, 28 through 48, 54 through 62 and 66 and 67 of the Complaint as if fully rewritten herein.

70.    Defendants deny, generally and specifically, the allegations in Paragraph 70 of the Complaint.

9

71.  Defendants deny, generally and specifically, the allegations in Paragraph 71 of the Complaint.

72.  Defendants deny, generally and specifically, the allegations in Paragraph 72 of the Complaint.

73.  Defendants deny, generally and specifically, the allegations in Paragraph 73 of the Complaint.

74.  Defendants deny, generally and specifically, the allegations in Paragraph 74 of the Complaint.

102834858

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1. The Complaint and each purported cause of action in the Complaint fail to state facts sufficient to constitute a cause or causes of action against Defendants upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (No Duty)

2. Defendants owed no duty of care to Plaintiffs at all times relevant to the allegations in the Complaint. Defendants at all relevant times acted in a careful, reasonable, and prudent manner.

## THIRD AFFIRMATIVE DEFENSE

### (Acts or Omissions of Others)

3. The damages that Plaintiff claims to have sustained, if any, are in whole or in part, the proximate result of the acts or omissions of persons or entities other than those of Defendants.

## FOURTH AFFIRMATIVE DEFENSE

### (Unclean Hands/Waiver/Estoppel)

4. The Complaint and each and every purported claim against Defendants is barred by the doctrines of unclean hands and/or waiver and/or estoppel in that Plaintiffs' own actions have resulted in the alleged damages incurred, if any.

## FIFTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

5. Plaintiffs' claims are barred, to the extent that they are barred by the applicable statute of limitation.

## SIXTH AFFIRMATIVE DEFENSE

### (Proximate Cause)

6.      No act or omission by Defendants was the proximate cause of any damages alleged in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

### (Breach of Contract by Plaintiff)

7.      Plaintiff breached the agreements referred to in the Complaint and as a result, performance by Defendants thereunder was excused.

## EIGHTH AFFIRMATIVE DEFENSE

### (Lender Liability)

8.      Plaintiff breached the duty of good faith and fair dealing which is inherent in the Loan Agreement and all other agreements referred to in the Complaint, and for the alleged breach of which Plaintiff is seeking damages and/or other relief.  Among other things, Plaintiff engaged incompetent advisors who took a personal dislike to Defendant Jeffrey Pink and who spread rumors and other false and slanderous statements about Defendant Jeffrey Pink to Plaintiff's management. As a result, Plaintiff initially refused to allow Defendant EV Rental Cars, LLC to proceed with its proposed merger, which would have resolved its financial problems and paid off Plaintiff's loan.  Although Plaintiff eventually agreed to allow the merger to proceed, it was on onerous terms and conditions, and the protracted negotiation of the various forbearance agreements described in the Complaint was delayed for so long that the investors lost interest and pulled out of the transaction.  In addition, the entire economic climate in the country changed during this time period and eventually, although the merger consummated, it was not on the terms originally anticipated, nor was there the expected amount of investment and as a result, EV Rental Cars, LLC ultimately went out of business and Defendants' ownership interest therein, which represented almost all of Defendants' net worth, became worthless.

12

## NINTH AFFIRMATIVE DEFENSE

### (Mistake)

9.    Plaintiff's claims are barred, in whole or in part, by mutual or unilateral mistake of fact.

## TENTH AFFIRMATIVE DEFENSE

### (Duress)

10.    Plaintiff's claims are barred, in whole or in part, because Defendants were acting under duress when they executed the various documents described in the Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Reasonable Reliance)

11.    Plaintiff's claims are based, in whole or in part, because Plaintiff did not reasonably rely on any of the alleged representations of Defendants described in the Complaint in taking the actions described therein.

## EIGHTH AFFIRMATIVE DEFENSE

### (Plaintiff Negligence and Conduct)

12.    Plaintiff's damages, if any, alleged in the Complaint, were caused in whole or in part by Plaintiff's own negligence or other conduct of Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure to Plead Facts Sufficient to Support Punitive Damages)

13.    Defendants did not engage in any conduct constituting oppression, fraud, malice or reckless disregard for Plaintiff's rights and therefore Plaintiff is not entitled to recover exemplary or punitive damages against Defendants.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Failure of Consideration)

14.    There was no consideration for Defendants' execution of the various documents described in the Complaint. Without limiting the generality of the foregoing, Defendant Jeffrey S. Pink executed the Guaranty in his capacity as

102834858

"manager" of EV Rental Cars, LLC and not as an individual. Defendant Laurie G. Pink did not execute such Guaranty. Accordingly, any documents executed by Defendants which are security for the Guaranty, including, but not limited to, the Deeds of Trust, are without consideration and unenforceable against Defendants.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

15.    Plaintiff is barred from any recovery on its Complaint because it failed to mitigate its damages, if any.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Failure to Comply with Statutory Requirements)

16.    Plaintiff's claims regarding the foreclosure on Defendants' residence are barred because Plaintiff failed to follow the procedures set forth in California Civil Code §2923.5.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Reservation of other Affirmative Defenses)

17.    Defendants reserve the right to raise additional affirmative defenses that Defendants' may later determine to be applicable, as the result of discovery or otherwise.

14

1

## PRAYER

2       WHEREFORE, Defendants pray for judgment as follows:

3          1.      That Plaintiff take nothing by virtue of its Complaint and that the

4   Complaint be dismissed with prejudice;

5          2.      For Defendants' reasonable attorneys' fees and costs of suit therein

6   incurred;

7          3.      For such other and further relief as the Court may deem just and

8   proper.

9

10  Dated:  July 2, 2009

11                                                      _____
                                                        JEFFREY S. PINK AKA JEFFREY
12                                                      PINK, In Pro Per

13

14                                                      _____
                                                        LAURIE G. PINK AKA LAURIE
15                                                      PINK, In Pro Per

16

17                          ## DEMAND FOR JURY TRIAL

18      Defendants Jeffrey S. Pink aka Jeffrey Pink and Laurie G. Pink aka Laurie

19  Pink, in pro per, hereby demand a trial by jury, pursuant to Rule 38(b) of the

20  Federal Rules of Civil Procedure, on any issue triable of right by a jury.

21

22  Dated:  July 2, 2009

23                                                      _____
                                                        JEFFREY S. PINK AKA JEFFREY
24                                                      PINK, In Pro Per

25

26                                                      _____
                                                        LAURIE G. PINK AKA LAURIE
27                                                      PINK, In Pro Per

28
_____
102834858                               15        ANSWER OF DEFENDANTS JEFFREY S. PINK AKA JEFF
                                                  PINK AND LAURIE G. PINK AKA LAURIE PINK TO
                                                  COMPLAINT - DEMAND FOR JURY TRIAL
                                                  CV09-3885 DSF (AJWx)

PROOF OF SERVICE

I, _MICHAEL CASTRONOVO_, the undersigned, certify and declare that I am over the age of 18 years, residing in the County of _Los Angeles_, State of California, and not a party to the within-entitled cause. On _July 6th_, 2009, I served at true copy of the within document:

**ANSWER OF DEFENDANTS JEFFREY S. PINK AKA JEFFREY PINK AND LAURIE G. PINK AKA LAURIE PINK TO COMPLAINT; DEMAND FOR JURY TRIAL**

by personally delivering it to the person(s) indicated below in the manner as provided in FRCivP 5(B); by depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the following:

James S. Monroe, Esq.
MONROE LAW GROUP
101 California Street, Suite 2450
San Francisco, California 94111
*(Attorney for Amalgamated Bank)*

Larry Jonathan Pink aka Larry Pink
c/o EV Rental Cars, LLC
5500 W. Century Blvd.
Los Angeles, California 90045
*(Defendant)*

EV Rental Cars, LLC
5500 W. Century Blvd.
Los Angeles, California 90045
*(Defendant)*

☐ I hereby certify that I am a member of the Bar of the United States District Court, Central District of California.

☐ I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

☒ I hereby certify under the penalty of perjury that the foregoing is true and correct.

Executed on July _6_, 2009, at_Woodland Hills_ California.

_Michael Castronovo_
*Signature of Person Making Service*

16

ANSWER OF DEFENDANTS JEFFREY S. PINK AKA JEFF PINK AND LAURIE G. PINK AKA LAURIE PINK TO COMPLAINT - DEMAND FOR JURY TRIAL
CV09-3885 DSF (AJWx)